# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUFUS COLLINS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2833** |
| **GATEWAY INSURANCE COMPANY, ET AL** | **SECTION: "P" (1)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (R. Doc. 7). The issues raised in Plaintiffs' motion were cured, but for reasons not raised by Plaintiffs, the Court is still unable to determine whether it has subject matter jurisdiction over this action. Accordingly, and as explained more fully below, Plaintiffs' Motion to Remand is denied, but this action remains subject to remand for failure to comply with the Court's orders contained herein.

This case arises out of a motor vehicle collision on November 30, 2021, allegedly caused by Defendant Leonard Jasper.[1] Plaintiffs originally filed a petition for damages in the Civil District Court for the Parish of Orleans.[2] On July 27, 2023, Defendant Gateway Insurance Company ("Gateway") removed the matter to this Court on the basis that the Court has subject matter jurisdiction over the suit because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.[3]

Plaintiffs then filed a motion to remand, wherein Plaintiffs contend removal was improper because the allegations in the Notice of Removal did not establish complete diversity between the parties: Defendant Leonard Jasper and Plaintiffs, Rufus Collins and Ledonia Julien, were all alleged to be citizens of the State of Louisiana.[4] Gateway subsequently sought leave of Court to

---

[1] R. Doc. 1-3 at 2.
[2] R. Doc. 1-3 at 2.
[3] R. Doc. 1.
[4] R. Doc. 7-1.

file an Amended Notice of Removal "to supplement and amend a typographical error in their original Notice of Removal," particularly the citizenship of Defendant Leonard Jasper.[5] Plaintiffs consented to the filing of the Amended Notice of Removal,[6] and the Court granted Gateway's motion for leave.[7] According to the Amended Notice of Removal, Defendant Leonard Jasper is a citizen of the State of Texas.[8]

Upon review of the Notice of Removal and Amended Notice of Removal, the Court is still unable to determine whether there is complete diversity between the parties, as required for this Court to exercise jurisdiction over the matter under 28 U.S.C. § 1332. While Gateway has adequately alleged the citizenship of Rufus Collins, Ledonia Julien, and Leonard Jasper, Gateway failed to adequately allege its own citizenship and has failed to include any allegations as to the citizenship of State Farm Mutual Automobile Insurance Company ("State Farm").

As for its own citizenship allegations, Gateway merely alleges it "is a foreign insurer duly organized under the laws of the State of Illinois and having its principal place of business in the State of Illinois."[9] Without more, this Court cannot determine the citizenship of Gateway for purposes of diversity jurisdiction. Gateway must clearly allege what type of entity it is and the facts necessary for establishing the citizenship of such an entity. For example, if Gateway is a corporation, it must allege the states and foreign states "by which it has been incorporated" and where it has its principal place of business.[10] If Gateway is an unincorporated entity, it must allege the citizenship of all of its members.[11]

---

[5] R. Doc. 9
[6] *Id.* ("Defendant certifies that . . . the opposing party has consented to our amended notice of removal.")
[7] R. Doc. 11.
[8] R. Doc. 12.
[9] R. Doc. 1 ¶ III.
[10] *See* 28 U.S.C. 1332(c)(1).
[11] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Gateway must also include allegations of citizenship with respect to State Farm. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'"[12] Without allegations as to State Farm's citizenship, the Court cannot determine whether complete diversity exists in this matter.

Although Plaintiffs did not raise these issues in their motion to remand, the Court may *sua sponte* raise the issue of whether it has subject matter jurisdiction over an action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gateway Insurance Company shall have seven (7) days from the date of the Order to file a comprehensive amended notice of removal, without further leave of Court, properly setting forth the citizenship particulars of all of the parties, as required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The comprehensive amended pleading shall include all of Defendants' numbered allegations, as revised, supplemented, and/or amended, which will become the operative notice of removal in this matter without reference to any other document in the record.

**Failure to comply with this Order may result in the remand of this matter to state court.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 7) is **DENIED**.

New Orleans, Louisiana, this 20th day of November 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Id.* at 1079 (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).